*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER DROB,

        Plaintiff-Appellee,

v

SEK 15, INC, d/b/a JJ KNAPPS TAVERN,

        Defendant-Appellant.

FOR PUBLICATION
November 19, 2020
9:00 a.m.

No. 351198
Macomb Circuit Court
LC No. 2018-003892-NI

Before: GLEICHER, P.J., and K. F. KELLY and SHAPIRO, JJ.

PER CURIAM.

Jennifer Drob was injured while tending bar at a tavern. The circuit court determined that Drob was not an "employee" but rather an "independent contractor" who could file a premises liability action against the tavern. Although Drob served under a contract of hire, she held herself out to the public to perform the same services she performed for the tavern, excluding her from the definition of "employee" and the exclusive remedy provision of the Worker's Disability Compensation Act. We affirm.

## I. BACKGROUND

On December 12, 2017, Jennifer Drob injured her ankle on an uneven drain cover while working as a bartender at a J.J. Knapps Tavern. Her injury required surgery and she requested that defendant investigate whether she was entitled to Worker's Disability Compensation (WDC) or could file a claim under the bar's liability insurance policy. However, Drob worked part-time for cash under the table at J.J. Knapps. Eleanor Knapp, the owner of J.J. Knapps, advised Drob that she did not qualify for WDC. Knapp promised to look into liability insurance coverage, but never followed through. Drob ended her employment and filed suit.

In her premises liability complaint, Drob described herself as a "business invitee" who was injured while employed by defendant. Drob further alleged that defendant violated the Worker's Disability Compensation Act (WDCA), MCL 418.1 *et seq.*, by failing to maintain required WDC insurance for all its employees. She sought recompense for her medical bills, lost wages, and pain and suffering.

Defendant quickly countered with a motion for summary disposition under MCL 2.116(C)(10), contending that Drob was an employee injured on the job whose sole remedy was to file a claim under the WDCA. Specifically, MCL 418.131(1) provides, "The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease." "The only exception to this exclusive remedy is an intentional tort," meaning that the "employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury." *Id*. Defendant further noted that a WDC claim had been made on Drob's behalf with its insurer under claim number WCC000004863. We note, however, that Eleanor Knapp later denied making such a claim in her deposition. And most of the boxes on the claim form provided to the court were left blank.

Drob contended that summary disposition would be premature as discovery had yet to begin and there remained questions of fact whether she fell within the definition of an "employee" under the WDCA and if so, whether defendant committed an intentional tort. Discovery was required to consider whether Drob was an employee, whose remedy was limited by the WDCA, or an independent contractor, who could file a tort action. To make this determination, Drob asserted, the court must look to the definition of employee in MCL 418.161(1)(*l*) and (n). As stated in subsection (*l*), an "employee" includes "[e]very person in the service of another, under any contract of hire, express or implied . . . ." MCL 418.161(1)(n) further defines "employee" as:

> Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, *if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act. On and after January 1, 2013, services are employment if the services are performed by an individual whom the Michigan administrative hearing system determines to be in an employer-employee relationship using the 20-factor test announced by the internal revenue service of the United States department of treasury in revenue ruling 87-41, 1 C.B. 296.* An individual for whom an employer is required to withhold federal income tax is prima facie considered to perform service in employment under this act. If a business entity requests the Michigan administrative hearing system to determine whether 1 or more individuals performing service for the entity in this state are in covered employment, the Michigan administrative hearing system shall issue a determination of coverage of service performed by those individuals and any other individuals performing similar services under similar circumstances. [Emphasis added.]

The second sentence of this provision was added by amendment in 2011 PA 266. Drob contended that the statute's reference to "the 20-factor test announced by the internal revenue service" (20-factor IRS test) applies only to cases submitted for decision to the Michigan administrative hearing system. Accordingly, the court could rely only on the "three-factor" employment test: whether "the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act." The circuit court denied the motion without prejudice, determining that discovery was required before any decision could be made.

During discovery, Drob and Knapp submitted to depositions. Drob described her informal relationship with defendant. Drob had been working part-time at the tavern since 2000. At that time, Drob's friend was the manager and needed additional help. Drob served as a bartender, earning $5.00 an hour cash. Although hired as a bartender, Drob did "whatever was needed to be done at the time." Drob always maintained other full-time employment. She testified that she also advertised her bartending services for other establishments and events by word of mouth. Drob further asserted that when she asked Knapp to file a WDC claim on her behalf, Knapp indicated that Drob was "not an employee."

Knapp asserted that Drob had always been a cash-paid "employee." Knapp described that Drob was subject to the rules applicable to all other employees, such as required training, mandatory employee meetings, and uniform requirements. Drob was subject to discipline and had been given verbal warnings in the past. However, Knapp admitted that she had never asked Drob to fill out a W-2 and Knapp did not pay any employment-related taxes for Drob. Knapp denied telling Drob that she was not employee and therefore not entitled to WDC. Rather, Knapp insisted that Drob "didn't ask for a Workers' Comp claim" and so Knapp never filed one.

Following discovery, Drob sought partial summary disposition on the issue of her employment status. Drob contended that "[u]nlike [defendant's] other workers," Drob "was paid under the table, working other jobs, and otherwise acting as an independent contractor." Indeed, Drob contended, Knapp told her "flat out . . . that she was not an employee." Drob accused defendant of now trying to shift its liability to avoid the law that defined her as an independent contractor.

Legally, Drob asserted that the court had the power to determine her employee status; such authority was not limited to the Bureau of Worker's Disability Compensation. Drob then pointed to the definition of "employee" in MCL 418.161(1)(*l*) and (n) as including a person working under a contract for hire who "does not maintain a separate business, does not hold himself or herself out to render service to the public, and is not an employer subject to this act." Drob continued to argue that only the Michigan Administrative Hearing System (MAHS) could consider the 20-factor IRS test referenced in the second sentence of the statute. In this regard, Drob cited *Max Trucking, LLC v Liberty Mut Ins Corp*, 802 F3d 793 (CA 6, 2015). And under the three-part test, Drob contended that she was not an employee as she was the only worker at the tavern paid in cash, defendant did not pay employment taxes for her, and she held herself out to the world as a bartender for hire.

Defendant countered with its own motion for summary disposition under MCR 2.116(I)(2). Defendant continued to argue that Drob's claim was barred by the exclusive remedy provision of the WDCA. In asserting that Drob was an employee for purposes of the WDCA, defendant analyzed both the three-factor test and the 20-factor IRS test. Defendant emphasized that no caselaw supported that a person paid in cash could not be an employee. Defendant also found it irrelevant that Knapp told Drob that she was not an "employee" under the act: "In fact, there is currently [a] pending workers' compensation proceeding in this matter." Defendant disagreed with Drob's contention that she held herself out to the public as available to hire as a bartender. To meet this element of the independent contractor definition, defendant asserted that a person must hold him or herself out for the same service performed for the purported employer. Here, Drob worked as a bartender, waitress, and cook for J.J. Knapps and yet only promoted herself as

a bartender to others. Rather, Drob was a long-term employee who did side jobs for extra money but did not own a separate bartending company.

Defendant contended that the 20-factor test referenced in the second sentence of the statute did not supplant the original three-part test, but was an additional test to consider whether a person is an employee or an independent contractor. Defendant then analyzed these factors and argued that nearly all supported that Drob was an employee under the WDCA.

The circuit court concluded that Drob was an independent contractor who was not limited by the exclusive remedy provision of the WDCA and could file a tort action. The court asserted that it considered both the three-factor and 20-factor tests in making its ruling, although the court had thrown away its notes and could not go into detail. However, the court noted:

> She worked at different banquets outside this establishment. She worked for other bars on occasions. And she had no real employment arrangement with the defendant. She worked for cash at times that were inconsistent. She was not told that she was an employee. She was in fact told that she was not an employee.

The court acknowledged that a roofer employed by a roofing company, but who takes personal side jobs is "a little different" than a "bartender who services multiple bars." And the court conceded that a person employed by "two different people at different times" can be an "employee" of both.

> However, here it appears [Drob] was an ad hoc contributor to the establishment as well as other businesses and events throughout her time serving as a bartender at this establishment. The Court has to consider her under these circumstances.

And the court determined under the multi-factor tests that Drob was an independent contractor, rather than an employee, of defendant. Accordingly, the court granted partial summary disposition in Drob's favor, determining as a matter of law that she was an independent contractor. As such, Drob's premises liability claim against defendant could move forward to trial.

Defendant filed an interlocutory application for leave to appeal, which this Court granted in a split decision. *Drob v SEK 15, Inc*, unpublished order of the Court of Appeals, entered January 23, 2020 (Docket No. 351198).

## II. ANALYSIS

We review de novo a circuit court's ruling on a summary disposition motion. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

> A motion under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), this Court

considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183. [*Zaher*, 300 Mich App at 139-140.]

We also review de novo underlying issues of statutory interpretation. *Id*. at 140. "Whether an individual is an employee as defined by the WDCA presents a question of law subject to review de novo." *McCaul v Modern Tile & Carpet, Inc*, 248 Mich App 610, 615; 640 NW2d 589 (2001).

We first address the parties' disagreement regarding whether the circuit court was required to consider the 20-factor IRS test in determining whether Drob was defendant's employee. Based on the plain language of MCL 418.161(1)(n), circuit courts do not apply that test; rather that test is left to decisions made by the MAHS. As noted, MCL 418.161(1)(n) provides, in relevant part, that an "employee" is:

Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, if the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act. On and after January 1, 2013, services are employment if the services are performed by an individual whom the [MAHS] determines to be in an employer-employee relationship using the 20-factor test announced by the internal revenue service of the United States department of treasury in revenue ruling 87-41, 1 C.B. 296.

Neither this Court nor the Michigan Supreme Court has addressed this issue. The federal Court of Appeals for the Sixth Circuit, on the other hand, determined in *Max Trucking, LLC v Liberty Mut Ins Corp*, 802 F3d 793 (CA 6, 2015), that trial courts are not to consider the 20-factor IRS test in assessing a party's employment status under this statute. We find the *Max Trucking* analysis persuasive and adopt it here. See *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

In *Max Trucking*, 802 F3d at 801, the Sixth Circuit determined that the Legislature's addition of the second sentence to this statutory provision "did not replace" the three-part test of the first sentence. Rather, the Legislature reenacted the first sentence "without change or limitation by the amendatory legislative act." *Id*. The Legislature "could have amended the first sentence to read that it only would apply until January 1, 2013, with the amendatory language to be applied exclusively thereafter, but it did not do so." *Id*. The Sixth Circuit continued that "the face of the amendatory language limits use of the [20-part IRS test] to determinations of employment status made in administrative proceedings before the [MAHS]." *Id*. at 802. The court also looked to the

amendment's legislative history, which asserted that the 20-part IRS test "allow[ed] the [MAHS] . . . to determine whether an employee/employer relationship existed." *Id.* (cleaned up).[1]

Given the plain language of MCL 418.161(1)(n), the circuit court and this Court must apply the three-factor test to determine whether Drob was an "employee" for purposes of the WDCA. The circuit court determined as a matter of law that Drob was an independent contractor, but gave little detail for this Court's review. However, a de novo review of the record supports the circuit court's conclusion. As provided in the plain language of the statute, and as made clear in *Auto Owners Ins Co v All Star Lawn Specialists Plus*, 497 Mich 13, 20; 857 NW2d 520 (2014), "[e]ach criterion of MCL 418.161(1)(n) must be satisfied for an individual to be considered an employee; conversely, failure to satisfy any one of the three criteria will exclude an individual from employee status." To be an employee subject to the exclusive remedy provision of the WDCA, the court must find that a person (1) "does not maintain a separate business," (2) "does not hold himself or herself out to and render service to the public," and (3) "is not an employer subject to this act."

But as noted by the Supreme Court in *Reed v Yackell*, 473 Mich 520, 530-531; 703 NW2d 1 (2005), there is one prerequisite to our consideration under MCL 418.161(1)(n): we must determine whether Drob was an employee under MCL 418.161(1)(*l*). As noted, subsection (*l*) defines an "employee," in relevant part, as a person "in the service of another, under any contract of hire, express or implied." Drob did not have a written contract with defendant. She did, however, serve defendant under an implied contract of hire. "A contract implied in fact arises when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor." *Reed*, 473 Mich at 531. Drob had performed services for defendant for approximately 17 years, and she expected regular compensation from defendant. Indeed, defendant understood its duty to compensate Drob at an hourly rate for her work.

Looking to subsection (n), we must consider if Drob, as "the person in relation to this service," maintained a separate business or held herself out to the public for hire.[2] As stated in *Reed*, 473 Mich at 536, "the service held out and provided by the separate business must be 'this service,' i.e., the same service that he performed for the employer. It is not enough under the statute that he has any business and holds it out." "[T]he 'service' performed by the person cannot be placed in such broad and undefined classifications as general labor. Rather, it must be classified according to the most relevant aspects identifiable to the duties performed in the course of the employer's trade, business, profession, or occupation." *Id.* at 537.

In *Reed*, the injured person worked as a delivery person for the subject employer but held himself out to others as a house painter. *Id.* at 523. The types of work were so dissimilar that the injured person could not be deemed to maintain a separate business or to hold himself out to the

---

[1] This opinion uses the parenthetical "cleaned up" to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (2017).

[2] All agree that Drob is not an employer subject to the act.

public for hire "in relation to this service." He therefore remained an "employee" under the WDCA. *Id.* at 537.

Here, Drob worked mainly as a bartender for defendant. Drob indicated that as J.J. Knapps was a small establishment, she sometimes was required to fill more than one role. For example, if the waitress was busy, Drob would take an order from a table or bring customers their food. If the cook left early and a customer ordered something from the menu, Drob might prepare the order in the kitchen. These small tasks, however, did not change the nature of Drob's employment. And she held herself out to the public to perform the same service. By word of mouth, Drob advertised her services to other establishments or for special events as a bartender. Accordingly, Drob was an independent contractor, not an employee for purposes of the WDCA.

Reviewing the record in the light most favorable to defendant, the circuit court did not err in determining that Drob was an independent contractor who could file a premises liability action against defendant.

We affirm the grant of partial summary disposition in Drob's favor.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Douglas B. Shapiro